## COMMONWEALTH *vs.* IRWIN HARTFORD, JR.

Essex. March 5, 1997. - July 10, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*Homicide. Evidence,* Photograph, Consciousness of guilt, Admissions and confessions. *Practice, Criminal,* Venue, Argument by prosecutor, Capital case. *Constitutional Law,* Admissions and confessions, Waiver of constitutional rights. *Waiver.*

In a murder case in which there was sufficient evidence to warrant the jury to find the essential elements of murder by extreme atrocity or cruelty beyond a reasonable doubt, the judge acted within his discretion in denying the defendant's motions for change of venue [379]; did not abuse his discretion in admitting in evidence photographs showing the situation and injuries to the body of the victim [379-380]; and did not err or abuse his discretion in declining to give a consciousness of innocence instruction when he gave a consciousness of guilt instruction [380].

At the trial of a murder indictment, the judge was warranted in accepting the testimony of the Commonwealth's experts that the defendant, whose I.Q. was in the low normal range, was capable of knowingly waiving his Miranda rights and was not unduly vulnerable to coercion, and the judge's findings of fact supported his conclusion that the defendant's statements to police were made after the defendant knowingly and voluntarily waived those rights. [380-381]

At a murder trial, the prosecutor's closing argument was based on reasonable and permissible inferences from the evidence and any hyperbole would have been recognized as such by a reasonable jury. [381]

INDICTMENT found and returned in the Superior Court Department on August 26, 1992.

The case was tried before *Joseph A. Grasso, Jr.,* J.

*Joseph F. Krowski (Michael Bergeron* with him) for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant appeals from his conviction of murder in the first degree on the theories of felony-murder and extreme atrocity or cruelty. We conclude that the conviction

should be affirmed and that the defendant is not entitled to relief pursuant to G. L. c. 278, § 33E.[1]

The victim was a thirteen year old boy whom the defendant encountered fishing at Plug's Pond in Haverhill. The jury would have been warranted in finding that on July 21, 1992, the defendant lured the victim into the woods where he, at least, attempted to engage in sexual activities and killed the victim. After first giving the police a different explanation of his conduct, the defendant admitted to them that he had been with the victim in the woods, but he claimed that the death was an accident. The victim, whose naked body was found in the woods the day after his death, had a bite mark caused by the defendant on the inside of his left thigh; an abrasion on the tip of his penis that might have been caused by a tooth; cuts and bruises on various parts of his body; and skull fractures. Death was caused by blunt force injuries to the head.

This brief summary is sufficient to demonstrate that, tested on the appropriate standard (*Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 [1979]), there was sufficient evidence to warrant a jury to find the essential elements of murder by extreme atrocity or cruelty beyond a reasonable doubt. Because the jury made an independent finding of guilt based on extreme atrocity or cruelty, we need not consider the defendant's challenges to the jury's other finding of guilt based on felony-murder (except to note that there is no substantial likelihood of a miscarriage of justice because of any asserted error in the conviction based on felony-murder).

1. We briefly dispose of three claims of abuse of discretion by the trial judge. (1) The judge acted within his discretion in denying the defendant's motions for a change of venue. The judge properly considered the publicity attendant to the trial and conducted an individual voir dire of each prospective juror. There is no showing that the trial was unfair or that any juror was not impartial. See *Commonwealth* v. *James*, 424 Mass. 770, 776-777 (1997); *Commonwealth* v. *Jackson*, 388 Mass. 98, 108-109 (1983). (2) The judge did not abuse his discretion in admitting

---

[1]Most issues that the defendant raises require us to apply established principles of law to the specific facts of his case. In general, the jurisprudence of the Commonwealth is not significantly advanced by an extensive presentation of the facts and law on such issues. We shall deal with such issues only to the extent necessary to show that we are aware of the defendant's contentions and to apply the established law.

photographs showing the location and position of the victim's body where it was found and the injuries to the body. See *Commonwealth* v. *Simmons*, 419 Mass. 426, 430 (1995). In a case involving a charge of extreme atrocity or cruelty, photographs of the deceased victim may have particular relevance. See *Commonwealth* v. *Keniston*, 423 Mass. 304, 309 (1996); *Commonwealth* v. *Ramos*, 406 Mass. 397, 406-407 (1990). The photographs are not especially gruesome or inflammatory and, although a cautionary instruction to the jury might have been given (see *Commonwealth* v. *Keniston, supra*), it was not required. (3) The judge did not err, or abuse his discretion, in declining to give a consciousness of innocence instruction when he gave a consciousness of guilt instruction. See *Commonwealth* v. *Rosa*, 422 Mass. 18, 32 n.14 (1996); *Commonwealth* v. *Oeun Lam*, 420 Mass. 615, 619-620 (1995), and cases cited.

2. The defendant argues that the judge erred in failing to suppress statements that he gave to the police. He asserts that these statements were not made voluntarily, were the product of police coercion, and were not made after a knowing and voluntary waiver of Miranda rights. The defendant is confronted with findings of fact that support the judge's rejection of the defendant's contentions.

The judge, after hearing experts offered by the Commonwealth and the defendant, found that the defendant was "not mentally ill nor is he retarded. He has limited cognitive ability but evidences no specific learning disability. He does not suffer from anxiety, depression or specific emotional conflicts. . . . The defendant is not inexperienced in dealing with the police and in receiving the Miranda rights. . . . I find beyond a reasonable doubt the defendant has the intellectual capacity to understand the words and the concept of the Miranda warnings." The judge further found "beyond a reasonable doubt that all of the statements given by the defendant to the police were made voluntarily after a knowing, willing and intelligent waiver of Miranda rights." The judge's conclusions are supported by the evidence, and we accept them. See *Commonwealth* v. *Magee*, 423 Mass. 381, 386-387 (1996); *Commonwealth* v. *Tavares*, 385 Mass. 140, 145, cert. denied, 457 U.S. 1137 (1982).

The defendant makes a special argument that evidence that he had an I.Q. of 73, in the low normal range, and other disabilities shows that he was incapable of making a knowing waiver of his

Miranda rights. This court has said that people with low intelligence may waive their rights. See *Commonwealth* v. *Medeiros*, 395 Mass. 336, 347 (1985) (defendant with I.Q. of 70); *Commonwealth* v. *Cameron*, 385 Mass. 660, 664 (1982) (defendant with I.Q. of 83); *Commonwealth* v. *Davis*, 380 Mass. 1, 4 (1980) (defendant with I.Q. of 79 and illiterate); *Commonwealth* v. *Daniels*, 366 Mass. 601, 607 (1975) (defendant with I.Q. of 53).

The police, and ultimately judges, must give special attention to whether a person of low intelligence waived Miranda rights and voluntarily and knowingly made a statement to the police. See *Commonwealth* v. *Cameron*, *supra* at 665; *Commonwealth* v. *Daniels*, *supra* at 606. Circumstances and techniques of custodial interrogation which pass constitutional muster when applied to an adult of normal intelligence may not be constitutionally tolerable when applied to one who is mentally deficient. *Id.* There must, of course, be evidence establishing such a defendant's ability to understand his waiver of rights. *Daniels*, *supra* at 608-609. Here, the defendant had prior experience with law enforcement personnel. He had been living on his own, had a driver's license, and had held various part-time jobs. The Commonwealth's experts testified that the defendant was not unduly vulnerable to coercion. The judge was warranted in accepting that testimony and implicitly rejecting the contrary opinion of the defendant's expert. We decline to adopt the defendant's argument that a person with his limited reasoning ability should be afforded the same protections concerning the waiver of rights as are extended to a juvenile. See *Commonwealth* v. *A Juvenile*, 389 Mass. 128, 133-134 (1983).

3. The defendant argues finally that the prosecutor's closing argument was unfairly prejudicial because it sought to appeal to the jurors' sympathies. The prosecutor's closing was based on reasonable and permissible inferences that the defendant forced the victim into the woods and there engaged in sexual activities. The prosecutor was thus warranted in arguing that the defendant forced the victim "into the woods to act out his sexual fantasies and perversions." The prosecutor's statement that the defendant was "every person's worst nightmare" was tolerable hyperbole, as a reasonable jury would recognize. See *Commonwealth* v. *Andrade*, 422 Mass. 236, 244 n.9 (1996); *Commonwealth* v. *Benson*, 419 Mass. 114, 120 (1994); *Commonwealth* v. *Lawrence*, 404 Mass. 378, 392 (1989).

*Judgment affirmed.*