[No. 10,389.]

THE PEOPLE *v.* JOHN MONTGOMERY.

CHALLENGE OF JUROR AFTER ACCEPTANCE.—The Court, in the exercise of a sound discretion, may allow the prosecution to interpose a peremptory challenge to a juror after he has been accepted and before he is sworn to try the cause.

ERROR IN ADMITTING DYING DECLARATION.—If an error is committed in the admission of a portion of a dying declaration as to a certain fact, the error

does not prejudice the defendant in case his witnesses subsequently testify to all the particulars and details of such fact.

INADMISSIBLE EVIDENCE.—Evidence that defendant, while confined in jail, had an opportunity to escape and declined so to do, is not admissible.

CONFLICT IN EVIDENCE.—If there is a substantial conflict in the evidence, the verdict will not be disturbed.

APPEAL from the District Court of the Eighth Judicial District, County of Humboldt.

The facts appear in the opinion.

*Chamberlain & De Haven*, for Appellant.

*Attorney-General Hamilton*, for Respondent.

By the COURT:

1. There was no error in granting leave to the prosecution to interpose a peremptory challenge to the juror Duncan, under the circumstances stated in the bill of exceptions. Under sec. 1068 of the Penal Code, the Court, in the exercise of a sound discretion, may permit a peremptory challenge, even after the jury is sworn; and *a fortiori*, it may permit it before the jury is sworn, even though the juror is accepted; and it will not be presumed the Court abused its discretion.

2. If the Court erred in permitting the prosecution to put in evidence so much of the dying declaration of the deceased as stated that there had been a previous difficulty between the deceased and the defendant and his father, the error could not have prejudiced the defendant, inasmuch as he subsequently proved by several witnesses not only the fact that the difficulty had occurred, but all the details of it.

3. There was no error in excluding the evidence offered by the defendant to the effect that, while confined in jail on this charge, he had an opportunity to escape from the jail, but declined to avail himself of it. The flight of a person suspected of having committed a crime is a circumstance which, if unexplained, tends more or less strongly to establish his guilt; but it by no means follows that his failure to flee, having the opportunity to do so, tends to prove his innocence. He may very naturally

have been deterred from making an effort to escape from a fear that he would be recaptured, and that his fruitless attempt to escape would be evidence of guilt; or he may have felt so strong a confidence of his acquittal, for want of the requisite proof of his guilt, that he deemed it unnecessary to flee. This precise point was before the Court in *People* v. *Rathbun*, 21 Wend. 518, 519, and it was there decided, on grounds which we consider entirely satisfactory, that such evidence is inadmissible.

4. We are asked to set aside the verdict on the ground that it was not justified by the evidence. But there was a substantial conflict in the evidence, and in such cases we do not interfere.

Judgment and order affirmed.