[No. G037695. Fourth Dist., Div. Three. Nov. 27, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN JUNIOR FLORES, Defendant and Appellant.

**COUNSEL**

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RYLAARSDAM, Acting P. J.**—Defendant Juan Junior Flores appeals from a judgment sentencing him to prison after a jury found him guilty of assault with a semiautomatic firearm, possession of a firearm by a felon, possession of methamphetamine, and discharge of a firearm with gross negligence, along with true findings that he personally used a firearm and had suffered prior serious felony and strike convictions. He contends the trial court committed several errors in instructing the jury and violated his constitutional rights by imposing consecutive sentences. Finding no error, we affirm.

## FACTS

Shortly after midnight, defendant fired seven rounds from a semiautomatic handgun outside of an apartment complex. One witness testified she heard people fighting before the shooting. Witnesses testified they subsequently saw people in the street running in opposite directions.

The police arrested defendant as he attempted to drive away from the shooting. He had gunshot residue on his hands and illegal drugs in his pocket. The next day, the police recovered the gun used in the shooting near the location of the arrest.

Investigators discovered bullet casings in the street in front of the apartment complex, bullet damage to a car parked 20 to 25 feet away, and bullet entry and exit holes in the windows of a truck parked 50 to 75 feet farther down the street. Later the police retrieved the remains of a bullet that struck a door in the apartment complex.

Defendant waived his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]) and spoke to the police. Initially he denied being involved in any shooting. After the interrogating officers showed him a photograph of the weapon they had recovered and noted the gunshot residue on his hands, defendant admitted firing the gun "up in the air" to scare some people he claimed had "disrespect[ed]" him. When the police mentioned the damage to the parked vehicles, defendant conceded he "might have just popped one" as he raised the gun skyward.

## DISCUSSION

1. *Jury Instructions*

    a. *CALCRIM No. 875*

On the assault charge, the trial court gave Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 875. The first part of the instruction informed the jury the assault offense required proof defendant "did an act with a semiautomatic firearm that by its nature would directly and probably result in the application of force to a person," had "the present ability to apply force," and was "aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone." It further required the prosecution to prove "defendant did th[e] act willfully."

In addition, the instruction provided: "Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or

she intend to break the law, hurt someone else or gain any advantage. [¶] The terms 'application of force' and 'apply force' mean to touch in a harmful or offensive manner. The slightest touching can be enough if it is done in a rude or angry way. Making contact with another person, including through his or her clothing, is enough. The touching does not have to cause pain or injury of any kind. [¶] The touching can be done indirectly by causing an object to touch the other person. [¶] The People are not required to prove that the defendant actually touched someone. The People are not required to prove that the defendant actually intended to use force against someone when he acted. [¶] No one needs to actually have been injured by defendant's act, but if someone was injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault, and if so, what kind of assault it was." (CALCRIM No. 875.)

Defendant attacks the latter portion of this instruction, contending that, because it "purports to describe what does not have to be proven," it is both "duplicative" and "an improper, argumentative pinpoint instruction favoring the prosecution." We are not persuaded.

■ First, CALCRIM No. 875 does not constitute a pinpoint instruction, i.e., one that "relate[s] particular facts to a legal issue in the case or 'pinpoint[s]' the crux of a [party's] case . . . . [Citation.]" (*People v. Saille* (1991) 54 Cal.3d 1103, 1119 [2 Cal.Rptr.2d 364, 820 P.2d 588].) It defines the crime of felony assault and explains the elements of that offense.

■ Second, the instruction's latter part is not argumentative. An argumentative instruction "invite[s] the jury to draw inferences favorable to [a party] from specified items of evidence on a disputed question of fact, and therefore properly belongs . . . in the arguments of counsel to the jury." (*People v. Wright* (1988) 45 Cal.3d 1126, 1135 [248 Cal.Rptr. 600, 755 P.2d 1049].) Defendant complains CALCRIM No. 875's latter part informs the jury the prosecution need not "prove . . . [he] actually intended to use force against someone" or "touched someone," or that anyone "needs to . . . have been injured by [his] act." But it is undisputed defendant did not strike anyone when he fired the gun. Also, because assault requires only that the perpetrator act "willfully," i.e., with "a purpose or willingness to commit the act" without "any intent to . . . injure another" (Pen. Code, § 7, subd. 1), it was appropriate to advise the jury the prosecution need not prove defendant harbored an intent to use force against another. Thus, "[t]he subject instruction did not specify items of evidence, identify witnesses [citation], or in any way favor the prosecution over the defense." (*People v. Savedra* (1993) 15 Cal.App.4th 738, 746 [19 Cal.Rptr.2d 115].)

■ Finally, the latter portion of CALCRIM No. 875 did not merely repeat the instruction's first part. Felony assault requires proof the perpetrator

committed "an act . . . that by its nature would directly and probably result in the application of force to a person" (CALCRIM No. 875), and that "a defendant . . . be aware of the facts that would lead a reasonable person to realize that a battery would directly, naturally and probably result from his conduct." (*People v. Williams* (2001) 26 Cal.4th 779, 788 [111 Cal.Rptr.2d 114, 29 P.3d 197].) But because Penal Code section 245 "focuses on *use* of a[n] . . . instrument . . . , whether the victim in fact suffers any harm is immaterial." (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028 [68 Cal.Rptr.2d 655, 945 P.2d 1204].) Thus, to avoid any possible juror confusion, it was appropriate for the instruction to clarify that proof of an actual touching, injury, or intent to injure was not essential to support a conviction of this offense.

### b. *CALCRIM No. 362*

The court also gave CALCRIM No. 362: "If the defendant made a false or misleading statement relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt. [¶] If you conclude that the defendant made the statement, it is up to you to decide its meaning and importance. However, evidence that the defendant made such a statement cannot prove guilt by itself." Defendant contends the trial court erred by giving this instruction because, "although [he] initially made a misleading statement [concerning the assault charge], he later admitted to everything except the intent with which he fired the weapon."

■ Defendant's argument lacks merit. "False statements regarding incriminating circumstances constitute evidence which may support an inference of consciousness of guilt. [Citations.]" (*People v. Showers* (1968) 68 Cal.2d 639, 643 [68 Cal.Rptr. 459, 440 P.2d 939]; see also *People v. Hughes* (2002) 27 Cal.4th 287, 335 [116 Cal.Rptr.2d 401, 39 P.3d 432].) Cases have upheld the use of an analogous standard instruction, CALJIC No. 2.03, where the defendant later makes incriminating statements concerning his or her criminal activity. (*People v. San Nicolas* (2004) 34 Cal.4th 614, 666 [21 Cal.Rptr.3d 612, 101 P.3d 509]; *People v. Wimberly* (1992) 5 Cal.App.4th 773, 795 [7 Cal.Rptr.2d 152].) *San Nicolas* recognized the instruction merely " 'advise[s] the jury to determine what significance, if any, should be given to evidence of consciousness of guilt, and caution[s] that such evidence is not sufficient to establish guilt, thereby clearly implying that the evidence is not the equivalent of a confession and is to be evaluated with reason and common sense. The instruction[] do[es] not address the defendant's mental state at the time of the offense and do[es] not direct or compel the drawing of impermissible inferences in regard thereto.' [Citation.]" (*People v. San Nicolas, supra*, 34 Cal.4th at pp. 666–667.)

█ Defendant relies on *People v. Mattson* (1990) 50 Cal.3d 826 [268 Cal.Rptr. 802, 789 P.2d 983], where the Supreme Court stated "the probative value of, and inference of consciousness of, guilt from [an] initial denial [is] tenuous" when a defendant "later g[ives] a full confession to th[e] crimes . . . ." (*Id.* at p. 872.) But where an admission does not establish all of the elements of the charged offense, it will "not render the inference [of a consciousness of guilt] irrelevant or superfluous." (*People v. San Nicolas, supra,* 34 Cal.4th at p. 667, fn. 11; see also *People v. Wimberly, supra,* 5 Cal.App.4th at p. 795, fn. omitted ["[a]lthough appellant ultimately admitted to some of the charges, he denied others"].)

As even defendant concedes, he did not make a full confession to the assault charge. He grudgingly admitted shooting the gun only after the police confronted him with the weapon and mentioned the gunshot residue found on his hands. At first defendant claimed he merely fired it "into the air," stating, "I didn't shoot at nobody." But when the police pointed out the damage to one of the cars, he suggested the gun may have discharged as he raised it. In contrast, the prosecution presented evidence defendant fired the weapon in a horizontal direction at least three times in a pattern that indicated he was aiming at a moving target. We conclude defendant's subsequent admission that he fired the weapon did not render the use of CALCRIM No. 362 erroneous in this case.

c. *Failure to Give a Unanimity Instruction*

Citing the bullet damage to the vehicles and the apartment complex's door, plus his statements to the police, defendant contends "there were different factual scenarios which could have been used to find [him] guilty of the [assault] charge," and thus the trial court erred by failing to instruct the jury "it must unanimously agree on what specific act or acts [he] committed which resulted in criminal liability" for the assault charge. This argument also lacks merit.

█ Since "[t]he jury must agree on a 'particular crime' [citation]" (*People v. Russo* (2001) 25 Cal.4th 1124, 1134–1135 [108 Cal.Rptr.2d 436, 25 P.3d 641]), "[i]t has long been held that a unanimity instruction must be given where the evidence shows that more than one criminal act was committed which could constitute the charged offense, and the prosecution does not rely on any single act. [Citations.]" (*People v. Sanchez* (2001) 94 Cal.App.4th 622, 631 [114 Cal.Rptr.2d 437].) But "[a] unanimity instruction is not required if the evidence shows . . . multiple acts in a continuous course of conduct. [Citation.]" (*People v. Jantz* (2006) 137 Cal.App.4th 1283, 1292 [40 Cal.Rptr.3d 875].) "This is because . . . the multiple acts constitute one discrete criminal event. [Citation.]" (*People v. Sanchez, supra,* 94 Cal.App.4th

at p. 631.) "The 'continuous conduct' rule applies when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them. [Citation.]" (*People v. Stankewitz* (1990) 51 Cal.3d 72, 100 [270 Cal.Rptr. 817, 793 P.2d 23].)

The witnesses testified that they heard "gunshots" without indicating a significant delay occurred between the individual discharges from the weapon. The location of the bullet casings suggests defendant repeatedly fired the gun while standing in one location. At trial, his defense to the assault charge was that since the prosecution failed to identify a shooting victim, he could only be guilty of negligent discharge of a firearm.

In his petition for rehearing, defendant, for the first time, cites *People v. McNeill* (1980) 112 Cal.App.3d 330 [169 Cal.Rptr. 313]. In *McNeill*, the prosecution charged the defendant with one count each of murder and assault with a deadly weapon for shooting one person and firing several shots towards the murder victim's four companions. The information named all four companions as assault victims. The trial court told the jury that it could convict the defendant of assault " 'if you find . . . [he] committed these acts on only one of the named individuals,' " but did not instruct it "must unanimously agree as to a single inividual among those alleged . . . as victims upon whom an assault was committed. [Citation]" (*Id.* at p. 335.)

The Court of Appeal reversed the assault conviction. Noting "[a]ssaults upon separate victims, even though perpetrated by a single individual during an indivisible course of conduct, . . . comprise . . . separate, punishable offense[s]," it found "[t]he accusatory pleading was . . . defective . . . ." (*People v. McNeill, supra* 112 Cal.App.3d at p. 334.) While the failure to demur waived the information's "formal insufficiency," "[t]his particular pleading blunder . . . create[d] complicated instructional problems" (*id.* at p. 335), which the trial court's special instruction failed to resolve. Thus, the appellate court concluded "[t]he possibility that the jurors may have come to different conclusions as to the identity of the assault victim vitiates the constitutionally required as[s]urance of juror unanimity as to the assault conviction." (*Id.* at pp. 335–336.)

*McNeill* is inapposite because it involved a defectively pled assault charge, and did not consider the applicability of the continuous course of conduct exception. Here, the prosectuion charged defendant with felony assault on a single fictitiously named person for repeatedly firing a weapon in a pattern suggesting he was aiming at a moving target. In light of this evidence and the defense presented on the assault charge, the trial court had no obligation to give a unanimity instruction in this case.

## 2. *Sentencing*

The trial court imposed consecutive terms on the assault and the possession of methamphetamine counts, finding "[t]he objective and nature of th[e latter] crime . . . distinct and separate from the [assault] charge[] . . . ." Defendant contends "the consecutive term[s] violated" his rights under the Sixth Amendment to have all facts supporting the sentence found by a jury by proof beyond a reasonable doubt.

■ Penal Code section 669 declares, "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." In *People v. Black* (2007) 41 Cal.4th 799 [62 Cal.Rptr.3d 569, 161 P.3d 1130], the Supreme Court held "there is no requirement that, in order to justify the imposition of consecutive terms, the court find . . . an aggravating circumstance exists" (*id.* at p. 822), and thus the "imposition of consecutive terms under section 669 does not implicate a defendant's Sixth Amendment rights." (*Id.* at p. 821.) Consequently, defendant's sentencing claim fails. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937] [Supreme Court "decisions . . . are binding upon and must be followed by all the state courts of California"].)

## DISPOSITION

The judgment is affirmed.

Bedsworth, J., and Fybel, J., concurred.

A petition for a rehearing was denied December 26, 2007, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 12, 2008, S159697. Moreno, J., did not participate therein.