[No. C054075. Third Dist. Mar. 10, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JESTON McGOWAN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.

## COUNSEL

Philip M. Brooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, and Michael P. Farrell, Assistant Attorneys General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Defendant Michael Jeston McGowan contends his convictions for sexual penetration by a foreign object by use of force (Pen. Code, § 289, subd. (a)(1)) and misdemeanor sexual battery (Pen. Code, § 243.4, subd. (e)(1)) must be reversed because of two interlocking jury instructional errors.[1] First, defendant argues the trial court erred by instructing the jury with Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 362[2] because it was an improper "pinpoint" instruction. Second, defendant contends the trial court erroneously neglected to instruct the jury, sua sponte, that the absence of flight is a circumstance tending to show innocence. We shall conclude the trial court did not err with regard to either instruction, and, therefore, we shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On the morning of March 19, 2006, defendant was partying in his house with C.G., B.M., and two other "gentlemen." The group was drinking Southern

---

[1] Undesignated statutory references are to the Penal Code.

[2] CALCRIM No. 362 provides as follows: "If the defendant made a false or misleading statement relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt. If you conclude that the defendant made the statement, it is up to you to decide its meaning and importance. However, evidence that the defendant made such a statement cannot prove guilt by itself."

Comfort, mixed cocktails of brandy and Coke, and beer. The group was also smoking marijuana. As they drank, the group danced to music. C.G. did something similar to a lap dance, but with her clothes on, in front of the men. At one point during the party, the group ran out of alcohol and wanted food, so everyone but defendant and C.G. left the house to buy food. At this point, C.G. began to feel numb and lay down on her stomach on the floor in the living room of defendant's home. As she lay on the floor, defendant was on top of her, trying to kiss her neck. Defendant was saying sexual things to her and trying to put his hands up her shirt and down her pants. C.G. told defendant to stop, and, eventually, he moved off her. C.G. then felt sick to her stomach from the drinks and marijuana and went outside to throw up. After she threw up, and she was lying on the grass, defendant again climbed on top of her and told her to come inside. Eventually, C.G. ended up back inside the house, though she does not remember how she got there. Defendant again climbed on top of her and said sexual things to her.

C.G. then started to feel better and thought she could leave the house. However, the next thing she remembered, she was again lying outside the house on her stomach. Defendant, for the third time, climbed on top of her. C.G. told him "no" several times, but then she stopped fighting him, thinking that if she stopped fighting, it would be over. Defendant put his fingers inside C.G.'s vagina twice without her consent. The first time, he also had his other hand up her shirt. According to C.G., the next thing she remembered, she was at B.M.'s neighbors' house talking to a police officer. Her friend, B.M., testified on behalf of defendant. She testified that she did not believe C.G.'s story and did not believe that defendant was guilty.

Defendant was questioned by Officer Poletski of the Redding Police Department. Defendant initially admitted that C.G. had been at his house, but he denied that she had been inside the house. He later admitted that C.G. had been inside his house. Defendant also initially denied that he had ever been alone with C.G., but then later recanted and admitted that he had been alone with her when the rest of the group had gone to the store. Defendant claimed that he had been confused by the questions when he told Officer Poletski that he had never been alone with C.G. and she had not been inside his house.

On June 15, 2006, the district attorney filed an information in Shasta County Superior Court that charged defendant with sexual penetration by

foreign object by use of force (§ 289, subd. (a)(1)) and felony sexual battery by restraint (§ 243.4, subd. (a)). On June 22, 2006, defendant entered a plea of not guilty.

On September 14, 2006, the jury found defendant guilty of sexual penetration by foreign object by use of force (§ 289, subd. (a)(1)) and guilty of the lesser included offense of misdemeanor sexual battery (§ 243.4, subd. (a)). On October 27, 2006, the trial court sentenced defendant to three years in state prison, and on that same date, defendant filed a timely notice of appeal.

## DISCUSSION

### I

Defendant contends the trial court committed reversible error because it instructed the jury with CALCRIM No. 362. (Fn. 2, *ante.*) Defendant argues that CALCRIM No. 362 improperly pinpointed particular evidence in this case, namely defendant's changed statements to Officer Poletski about C.G. not being in his house and his not being alone with her in his house. We disagree.

CALCRIM No. 362 is the successor to CALJIC No. 2.03, which provided as follows: "If you find that before this trial the defendant made a willfully false or deliberately misleading statement concerning the crime or crimes for which he is now being tried, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide."

Our Supreme Court has squarely held that CALJIC No. 2.03 is not an improper "pinpoint" instruction. (*People v. Arias* (1996) 13 Cal.4th 92, 143 [51 Cal.Rptr.2d 770, 913 P.2d 980]; *People v. Kelly* (1992) 1 Cal.4th 495, 531–532 [3 Cal.Rptr.2d 677, 822 P.2d 385].)[3] The court explained in *Kelly,* "CALJIC No. 2.03 . . . does not merely pinpoint evidence the jury may consider. It tells the jury it may consider the evidence *but it is not sufficient by itself to prove guilt.* [Citation.] Defendant obviously does not quarrel with

---

[3] The California Supreme Court has consistently upheld CALJIC No. 2.03 against various and sundry attacks. (See *People v. Nakahara* (2003) 30 Cal.4th 705, 713 [134 Cal.Rptr.2d 223, 68 P.3d 1190], and authorities cited; see also *People v. Barnwell* (2007) 41 Cal.4th 1038, 1057 [63 Cal.Rptr.3d 82, 162 P.3d 596].)

the emphasized language. If the court tells the jury that certain evidence is not alone sufficient to convict, it must necessarily inform the jury, either expressly or impliedly, that it may at least consider the evidence. . . . There was no error." (*Kelly, supra*, 1 Cal.4th at pp. 531–532.)

Although there are minor differences between CALJIC No. 2.03 and CALCRIM No. 362 (see fn. 2, *ante*), none is sufficient to undermine our Supreme Court's approval of the language of these instructions. Crucially, CALCRIM No. 362 contains nearly identical language to that relied on in *Kelly*: "[E]vidence that the defendant made such a statement cannot prove guilt by itself." (See fn. 2, *ante*.) Thus, like CALJIC No. 2.03, CALCRIM No. 362 is not an unlawful "pinpoint" instruction. (*Kelly, supra*, 1 Cal.4th at pp. 531–532.)

■ Defendant urges this court to criticize this established analysis by the California Supreme Court, citing Witkin for the proposition that an intermediate appellate court is " 'bound but not gagged.' " (*People v. Stone* (1981) 121 Cal.App.3d 830, 838 [175 Cal.Rptr. 667], quoting 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 665, p. 4579.) However, we do not believe that CALCRIM No. 362 is an impermissible instruction. The trial court properly left it for the jury to determine whether defendant's statement to police was false or deliberately misleading, and if so, what weight should be given to that evidence.

There was no error in instructing the jury with CALCRIM No. 362.

## II

Defendant also contends the trial court should have given a special instruction about the absence of flight. Defendant proposes that just as existing law in California holds that a trial court must instruct, sua sponte, on flight whenever the prosecution relies on evidence of flight to show consciousness of guilt, it should hold that instruction on absence of flight should be given to show a defendant's consciousness of innocence. Defendant admits that the law holds there is no reciprocal duty to instruct on the significance of the absence of flight. (See *People v. Staten* (2000) 24 Cal.4th 434, 459 [101 Cal.Rptr.2d 213, 11 P.3d 968]; *People v. Williams* (1997) 55 Cal.App.4th 648, 651 [64 Cal.Rptr.2d 203].) However, defendant submits that the law is contrary to the federal Constitution and violates his rights to a fair

jury trial and due process because the combination of this instruction with CALCRIM No. 362 lightened the prosecution's burden of proof. Again, we must disagree with defendant's argument.

■ As the People point out in their brief, defendant has forfeited this issue for appeal because the record does not show that defendant requested the trial court to instruct the jury on the absence of flight. Generally, the burden of requesting supplemental or clarifying instructions falls on the defendant, and failure to request such instructions waives the contention of error. (*People v. Lang* (1989) 49 Cal.3d 991, 1024 [264 Cal.Rptr. 386, 782 P.2d 627].)

■ Moreover, even if defendant had not forfeited the issue, there is no support for his argument. The California Supreme Court has concluded that courts need not give instruction on the absence of flight because the value of such evidence is "slight." (*People v. Green* (1980) 27 Cal.3d 1, 38–39 [164 Cal.Rptr. 1, 609 P.2d 468]; see *People v. Staten, supra,* 24 Cal.4th 434.) *People v. Williams, supra,* 55 Cal.App.4th at pages 652–653, rejects the argument that the federal Constitution requires an instruction on absence of flight. "In contrast to the notion of reciprocal discovery rights, there is no fundamental unfairness in not requiring an instruction on the absence of flight. As previously discussed, unlike the flight of an accused from the scene of a crime or after accusation of a crime, the absence of flight presents such marginal relevance it is usually not even admissible. [Citation.] . . . [F]light and the absence of flight are not on similar logical or legal footings . . . ." (*Id.* at p. 653.) We do not see how this rule—finding only "marginal relevance" in the absence of flight—is affected by the fact that CALCRIM No. 362 was also given in this case.

Therefore, the trial court also did not err in failing to instruct the jury on the absence of flight.

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1099.

## DISPOSITION

The judgment is affirmed. The trial court shall prepare an amended abstract of judgment, as described in part III of the opinion, and shall forward a certified copy to the Department of Corrections and Rehabilitation.

Nicholson, J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 11, 2008, S162596.