Commonwealth *v.* Pearce.

COMMONWEALTH *vs.* IAN GEORGE PEARCE.

Suffolk. February 5, 1998. - June 11, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Argument by prosecutor, Instructions to jury, Comment by prosecutor. *Witness,* Credibility. *Rape-Shield Statute.*

At the trial of a rape indictment, the prosecutor's argument that the jury should consider their observations of the victim's demeanor on the witness stand in assessing her credibility was proper. [644]

At the trial of a rape indictment, the prosecutor's expression of his personal belief in the victim's credibility and his suggestion that he possessed independent knowledge refuting the defendant's theory of defense were improper; however, the error was not prejudicial and did not require reversal, where the judge gave a curative instruction in response to the defendant's objection and in addition instructed the jury at least four times that the arguments of counsel were not evidence. [644-645] LYNCH, J., dissenting, with whom FRIED, J., joined.

At a criminal trial, the prosecutor's remarks in closing argument that tended to appeal to the jurors' sympathy did not constitute prejudicial error, in light of the judge's instructions. [645-646]

At a criminal trial, no substantial risk of a miscarriage of justice arose from the prosecutor's improper assertion of facts not in evidence during closing argument, which was an apparent attempt to counter defense counsel's improper argument that also lacked evidentiary support. [646] LYNCH, J., dissenting, with whom FRIED, J., joined.

At the trial of an indictment for rape, the judge properly excluded, under the rape-shield statute, G. L. c. 233, § 21B, evidence of the victim's prior sexual activity, proffered by the defendant, where the judge determined that the probative value of the evidence, should it be admitted, would not outweigh the harm to the victim. [647-648]

There was no merit to a criminal defendant's claim that the judge improperly precluded cross-examination about the victim's sexual activity around the time of the alleged rape, where the defendant never made a written motion and offer of proof as required by the rape-shield statute, G. L. c. 233, § 21B. [648-649]

INDICTMENT found and returned in the Superior Court Department on February 6, 1991.

The case was tried before *Barbara J. Rouse*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Linda M. Poulos*, Assistant District Attorney (*Robert E. Baylor*, Assistant District Attorney, with her) for the Commonwealth.

*Dana Alan Curhan* (*Lissa C. McKinney* with him) for the defendant.

ABRAMS, J. Charged with forcible rape of a child, the defendant, Ian George Pearce, was convicted of the lesser included offense of rape of a child under sixteen years of age. Based on the prosecutor's summation, the Appeals Court reversed the conviction and ordered a new trial. *Commonwealth* v. *Pearce*, 43 Mass. App. Ct. 78 (1997). We granted the Commonwealth's application for further appellate review. We affirm the judgment of the Superior Court.

We summarize the facts of the case, which are reported in full in the Appeals Court's opinion. See *id.* at 79-80. On New Year's Eve, the defendant, who had been engaged to the victim's sister, offered to take the victim and her friends out for the evening. The victim's mother assented. After being unable to locate any of her friends and finding that two amusement arcades were closed, the defendant drove the victim to his apartment, where he had sexual intercourse with her. At the time, the victim was twelve years old. The victim did not report the incident to her mother or anyone else until two weeks later, when she realized that her menstrual period was late. A test performed at a hospital showed that she was pregnant. She had an abortion, and analysis of the fetal tissue, as well as the doctor's testimony, showed a range of possible dates of conception which arguably included the date of the alleged incident.

The defendant has raised four issues on appeal: (1) the prosecutor made improper remarks during closing argument; (2) the judge improperly prohibited inquiry into the victim's sexual history; (3) the judge erred in instructing on the lesser included offense; and (4) the judge improperly denied his request for individual voir dire of the venire on the issue of race. Because we substantially agree with the Appeals Court's resolution of the last two issues, we discuss only the first two in detail.

1. The defendant argues that, during closing argument, the prosecutor improperly appealed to the jurors' sympathies, vouched for the victim's credibility, and stated facts not in evidence. To determine whether reversal is required, we consider such factors as whether the defendant seasonably objected; whether the error pertained to a merely collateral issue or went

to the heart of the case; what remedial steps, if any, the judge took to mitigate the error; and whether, in all the circumstances, the error could have made a difference to the jury. See *Commonwealth* v. *Kozec*, 399 Mass. 514, 518 (1987).

a. We first consider the defendant's claim that the prosecutor vouched for the victim's credibility. Because the defendant seasonably objected, we review this claim for prejudicial error. See *Commonwealth* v. *Santiago*, 425 Mass. 491, 500 (1997).

Counsel may argue from the evidence, including a witness's demeanor and motive for testifying, that the witness should be believed. *Commonwealth* v. *Dixon*, 425 Mass. 223, 232 (1997). *Commonwealth* v. *Stone*, 366 Mass. 506, 516 (1974). Here, many of the prosecutor's remarks fit this description. For example, the prosecutor said, "You have to think about how she presented, how she looked, how she appeared from the witness stand. You must ask yourself: Can I believe this person? Can I believe her? You should. There's no reason not to believe her. There was nothing that occurred during the course of direct and on cross examination that diminished her credibility as a witness. Nothing." These remarks merely invited the jurors to draw a conclusion from their own observations of the victim as she testified. Therefore, they were within the bounds of proper argument.

Counsel may not, however, "express[] a personal belief in the credibility of a witness . . . or . . . indicate[] that he or she has knowledge independent of the evidence before the jury verifying a witness's credibility" (citations omitted). *Commonwealth* v. *Ciampa*, 406 Mass. 257, 265 (1989). Here, the prosecutor did exactly that. For example, the prosecutor said, "This is not a twelve-year-old who was sexually active running the streets, doing things that might [lead] you to believe that she would come in here and lie. Nothing. Absolutely nothing. I tell you, ladies and gentlemen, she was credible." These remarks not only expressed the prosecutor's personal belief in the victim's credibility, but also suggested that he knew, independent of the evidence, that she was not sexually active, because there was no evidence of her sexual activity, or lack thereof, at trial. The prosecutor apparently intended these remarks to refute the defendant's theory that the victim had accused him of rape to explain and avoid punishment for a pregnancy that resulted from other sexual activity. The prosecutor's remarks thus improperly suggested that he had possessed independent

knowledge disproving the defendant's claim. Moreover, because the Commonwealth's case consisted primarily of the victim's testimony and four fresh complaint witnesses, her credibility went to the heart of the matter. It is possible that such improper remarks could have an effect on a jury.

Nonetheless, we do not believe reversal is required. In response to the defendant's objection, the judge specifically instructed the jury that "it is improper for any attorney to express a personal belief in the credibility of any witness, and that includes that of the complaining witness, as well as every other witness from whom you have heard. So, if you heard such, then you are to disregard it, because you are the only ones who decide whether to believe someone." We have affirmed convictions, despite improper closing argument, on the basis of much more general instructions than in this case. See, e.g., *Commonwealth* v. *Lyons*, 426 Mass. 466, 474 (1998); *Commonwealth* v. *Stockwell*, 426 Mass. 17, 23 (1997); *Commonwealth* v. *Barros*, 425 Mass. 572, 580 (1997); *Commonwealth* v. *Raymond*, 424 Mass. 382, 392 (1997); *Commonwealth* v. *Walker*, 421 Mass. 90, 104 (1995). In addition, the judge instructed the jury at least four times that the arguments of counsel were not evidence. Finally, it is apparent from the jury's verdict that, despite the prosecutor's argument, they rejected at least part of the victim's account, namely, that the defendant had used force. The prosecutor's vouching for the victim's credibility, although improper, was not prejudicial error and therefore does not require reversal.

b. We next consider the defendant's claim that the prosecutor improperly appealed to the jurors' sympathy for the victim. Again, the defendant seasonably objected on this ground, so we review for prejudicial error. See *Santiago, supra.*

"The prosecutor has a particular obligation not only to argue the Commonwealth's case forcefully and aggressively, but also to do so in a way that states the evidence clearly and fairly and inspires confidence that the verdict was reached based on the evidence rather than sympathy for the victim . . . ." *Id.* at 494. Although some of the prosecutor's remarks here did appeal to the jurors' sympathy,[1] we do not think they went beyond "tolerable hyperbole." *Commonwealth* v. *Hartford*, 425 Mass. 378,

---

[1] The defendant points to such remarks as, for example, "I therefore ask . . . that you think about the trust that was given to [the defendant] . . . and how insulted, how violated [the victim] was, how angry she was to get, how

381 (1997). Cf. *Santiago, supra* at 494 (repeated references to murder victim's age, pregnancy, and birthday undermined integrity of verdict). Moreover, after the judge instructed the jury, the defendant made a request for further instructions, to which the judge responded by instructing the jurors to disregard any plea for sympathy or emotion. We conclude that the defendant has shown no prejudicial error as to this aspect of the prosecutor's argument.

c. The defendant also contends that the prosecutor improperly asserted facts not in evidence by stating that the victim was not sexually active. Because the defendant did not object to the argument on this ground, we review for a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Loguidice*, 420 Mass. 453, 455-456 (1995).

"A prosecutor must limit comment in closing statement to the evidence and fair inferences that can be drawn from the evidence." *Commonwealth* v. *Kelly*, 417 Mass. 266, 270 (1994), citing *Commonwealth* v. *Hoppin*, 387 Mass. 25, 30 (1982). There was no evidence at trial as to the victim's sexual activity or lack thereof. The prosecutor's remark was therefore improper. However, it did not create a substantial risk of a miscarriage of justice. The remark, as mentioned above, was apparently intended as a response to the defendant's argument that the victim falsely accused the defendant of rape to conceal her sexual activity. The defendant's theory, advanced for the first time in closing argument, lacked evidentiary support for the claim that she was sexually active. While a prosecutor must not "fight fire with fire," see *Commonwealth* v. *Kozec, supra* at 519 & n.9, the defendant's improper argument undermines his claim that the prosecutor's improper argument requires reversal. Considering the prosecutor's argument as a whole, the judge's repeated instructions that arguments are not evidence, and the defendant's own reference to facts not in evidence, we conclude that there was no substantial risk of a miscarriage of justice.

We remind both prosecutors and defense attorneys, as well as attorneys in civil cases, that arguments must be based solely on the evidence and all reasonable inferences therefrom. We remind trial judges that they have the authority to interrupt any argument that violates this rule.

---

traumatized [she] must have been," and, "She wanted to wipe away the hurt. But she can't wipe it away. She felt it here today. It was extremely painful during the course of her testimony."

2. Before trial, the defendant filed a written motion in limine, as required by the rape-shield statute, G. L. c. 233, § 21B,[2] seeking to introduce evidence that the victim had been sexually molested at the age of five and raped at the age of eight. There was no indication that these had been false allegations; rather, the defendant wanted to use them to demonstrate the victim's bias, motive to lie, and knowledge of sexual matters. The judge denied the motion. During trial, the victim testified, "I was trying to tell him that I was going to end up pregnant, because I was scared. I never had sex before." The defendant then sought permission to "impeach her credibility as to having never had sex before," apparently by introducing the prior assault. The judge stood by her original ruling excluding the evidence. Nevertheless, the judge, interpreting the victim's testimony to mean that she told the defendant she had never had sexual intercourse before, invited defense counsel to cross-examine her as to whether she made that statement. Defense counsel chose not to do so. The defendant, who made no objection to this second ruling, now argues that it was error so to limit cross-examination. We disagree.

First, we believe that the original ruling on the motion in limine was proper. "The rape-shield statute is principally designed to prevent defense counsel from eliciting evidence of the victim's promiscuity as part of a general credibility attack." *Commonwealth* v. *Fitzgerald*, 412 Mass. 516, 523 (1992). Inquiry into a subject that could show a rape complainant's

---

[2]General Laws c. 233, § 21B, provides: "Evidence of the reputation of a victim's sexual conduct shall not be admissible in any investigation or proceeding before a grand jury or any court of the commonwealth for a violation of sections thirteen B, thirteen F, thirteen H, twenty-two, twenty-two A, twenty-three, twenty-four and twenty-four B of chapter two hundred and sixty-five or section five of chapter two hundred and seventy-two. Evidence of specific instances of a victim's sexual conduct in such an investigation or proceeding shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim; provided, however, that such evidence shall be admissible only after an in camera hearing on a written motion for admission of same and an offer of proof. If, after said hearing, the court finds that the weight and relevancy of said evidence is sufficient to outweigh its prejudicial effect to the victim, the evidence shall be admitted; otherwise not. If the proceeding is a trial with jury, said hearing shall be held in the absence of the jury. The finding of the court shall be in writing and filed but shall not be made available to the jury."

bias, prejudice, or motive to lie about the alleged attack remains permissible under the statute. *Commonwealth* v. *Joyce*, 382 Mass. 222, 229 (1981). The defendant thus offered the evidence for a proper purpose. However, that is not the end of the inquiry. Under the statute, the judge must also determine whether "the weight and relevancy of said evidence is sufficient to outweigh its prejudicial effect to the victim." G. L. c. 233, § 21B. This determination is within the sound discretion of the judge. See *Commonwealth* v. *Walker*, 426 Mass. 301, 307-308 (1997); *Commonwealth* v. *Rosa*, 422 Mass. 18, 25 (1996) (determination of relevancy is within sound discretion of trial judge).

As for the second ruling, we are not convinced that the judge properly interpreted the victim's testimony. At least, the testimony is ambiguous; the victim could have been testifying that she had never had intercourse before the rape. Where testimony is susceptible of competing interpretations, the question is properly for the jury. *Commonwealth* v. *Scagliotti*, 373 Mass. 626, 629 (1977). However, we perceive no substantial risk of a miscarriage of justice. Having observed the victim testify, the judge was in a better position than we are to interpret her testimony. Moreover, we do not think that her rape at the age of eight is inconsistent with a claim that she had never had sexual intercourse before. Possibly, in the victim's mind, a forced act does not count. It was within the judge's discretion to determine, as she apparently did, that the probative value of the earlier assaults did not outweigh the harm to the victim.

The defendant also argues that the judge improperly precluded cross-examination about the victim's sexual activity concurrent with the alleged rape. Such evidence, the defendant argues, would have supported his theory that the complainant, realizing she was pregnant, falsely accused the defendant to conceal and avoid punishment for her sexual activity. Under the rape-shield statute, it is permissible to use sexual conduct evidence to show motive to lie or to explain a complaining witness's pregnancy. See *Joyce*, *supra*; G. L. c. 233, § 21B (permitting "evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim"). However, the statute requires "a written motion for admission of [such evidence] and an offer of proof" before evidence of a complainant's sexual conduct can be admitted. Neither the written motion in limine nor the trial transcript shows that the defendant offered any evidence of the victim's sexual conduct

around the time of the incident. The judge therefore never had an opportunity to make the determination, as required by the statute, whether the probative value of such evidence outweighed the prejudice to the victim. The defendant cannot complain that the judge precluded this line of cross-examination, because he never made the required offer of proof.[3] There was no error on the record before us.

3. We agree with and adopt the reasoning of the Appeals Court as to the defendant's remaining issues. See *Pearce, supra* at 80-81 (lesser included offense instruction was proper); *id.* at 84-85 (individual voir dire on race was unnecessary because crime was not clearly interracial).

The judgment of the Superior Court is affirmed.

*So ordered.*

LYNCH, J. (dissenting, with whom Fried, J., joins). For substantially the reasons stated in the opinion of the Appeals Court I disagree with the court's conclusion that the prosecutor's closing remarks do not require a new trial. As the court concedes, the prosecutor improperly vouched for the victim's credibility, *Commonwealth* v. *Ciampa,* 406 Mass. 257, 265 (1989), and argued facts not in evidence, *Commonwealth* v. *Kelly,* 417 Mass. 266, 270 (1994), in telling the jury that the victim was "not a twelve-year-old who was sexually active running the streets, doing things that might [lead] you to believe that she would come in here and lie. Nothing. Absolutely nothing. I tell you, ladies and gentlemen, she was credible." Unlike the court, however, I believe that the circumstances surrounding this blunder were such that a new trial is warranted. Given that the defendant's primary defense was that the victim manufactured the rape allegation to conceal her other sexual activity, the prosecutor's remark that she was not sexually active went to the very heart of the defendant's case. See *Commonwealth* v. *Kozec,*

---

[3]We also note that this is not a case in which the victim's testimony unexpectedly opened the door to inquiry about her sexual conduct. The defendant's position from the outset was that some other person impregnated the victim. It therefore was, or should have been, apparent that the defendant would need to produce evidence that the victim engaged in sexual activity with this other person. There is no reason the defendant could not have included this matter in his original motion in limine and no reason to forgo the procedural requirements of the rape-shield statute.

399 Mass. 514, 518 (1987). Moreover, apart from the victim's testimony, the Commonwealth's evidence linking the defendant to this crime was far from overwhelming. *Commonwealth* v. *Clary*, 388 Mass. 583, 591 (1983). Finally, the judge's instructions, though pointing out that closing arguments are not evidence and that vouching should be disregarded, were too general. The judge's failure to correct the misstatement regarding the victim's sexual activity, in particular, rendered the instructions insufficient to remedy the prosecutor's errors. *Commonwealth* v. *Santiago*, 425 Mass. 491, 500 (1997).

Even if the defendant's objection was not specific enough to extend to the comments concerning the victim's lack of sexual activity, the prosecutor's blunders in my view created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Loguidice*, 420 Mass. 453, 455-456 (1995). The defendant is entitled to a new trial, and I therefore respectfully dissent.