## COMMONWEALTH *vs.* ERNESTO NOJ.

No. 08-P-1242.

Bristol. December 9, 2009. - January 28, 2010.

Present: GRASSO, KANTROWITZ, & GRAINGER, JJ.

*Rape-Shield Statute. Evidence,* Prior conviction, Sexual conduct, Impeachment of credibility, Relevancy and materiality. *Practice, Criminal,* Impeachment by prior conviction, Prior conviction.

At the trial of an indictment charging rape, a Superior Court judge did not abuse his discretion in denying the defendant's motions seeking to admit in evidence, on grounds that they were relevant to a claimed motive to fabricate the accusation of rape in order to avoid prosecution for prostitution, the victim's prior convictions of prostitution, where neither the defendant's initial proffer, the subsequent testimony of a witness, nor the defendant's own testimony provided evidence of the victim's bias or motive to lie that was sufficiently relevant or substantial to outweigh its prejudicial effect, in that the defendant's theory was that the victim had freely engaged in consensual sex that had not been solicited for payment, and the proffered evidence had no rational tendency to show that the intercourse was consensual or that the victim was motivated falsely to accuse the defendant of rape by a desire to avoid further prosecution. [197-199]

INDICTMENT found and returned in the Superior Court Department on June 30, 2005.

The case was tried before *Robert J. Kane*, J.

*Suzanne Dwyer-Jones* for the defendant.

*Shoshana E. Stern*, Assistant District Attorney, for the Commonwealth.

GRASSO, J. A jury found the defendant guilty of rape and unlawful possession of marijuana. On appeal, he argues that his rape conviction must be reversed because the trial judge prevented him from impeaching the victim with evidence that her prior convictions for prostitution provided a motive to fabricate the claim of rape.[1] We affirm.

---

[1]The defendant does not appeal his marijuana conviction.

1. *Background.* The victim, Jane Doe, is a functionally illiterate client of the Department of Mental Retardation with an intelligence quota of 61 and an alcohol addiction. She drank up to a pint of vodka a day. At the time of trial in January, 2007, Doe was forty-five years old. A few days prior to trial, the defendant moved in limine to admit in evidence three of Doe's prior convictions for prostitution: (i) a 2001 case that was continued without a finding, (ii) a 1996 conviction wherein Doe received a ninety-day sentence that was stayed and eventually terminated, and (3) a 1989 conviction for which Doe served ninety days in jail.

The judge denied the motion insofar as it sought to introduce the convictions pursuant to G. L. c. 233, § 21, to impeach Doe's credibility, and the defendant does not challenge that ruling.[2] Prior to commencement of the trial, the defendant renewed his effort to introduce the convictions, this time arguing that he had a right to confrontation and that the convictions were admissible to demonstrate Doe's motive to fabricate the claim of rape. See *Commonwealth* v. *Joyce,* 382 Mass. 222, 231 n.8 (1981); *Commonwealth* v. *Houston,* 430 Mass. 616, 617-618 (2000) (rape complainant's convictions involving sexual conduct admissible if relevant to motive to lie); *Commonwealth* v. *Harris,* 443 Mass. 714, 715, 721 (2005) (rape complainant's convictions for sex-related conduct admissible where relevant to bias or motive to fabricate). The judge denied the motion. He concluded that the defendant's proffer appeared to be "decidedly different" from the facts in *Commonwealth* v. *Joyce, supra,* and was insufficient to establish that Doe's convictions were relevant to a claimed motive to fabricate the accusation of rape in order to avoid prosecution for prostitution. The judge expressed a willingness to reconsider should the evidence prove otherwise.

The defendant renewed his request during the testimony of

---

[2]The judge concluded that since the convictions were misdemeanors more than five years old, they did not satisfy the statutory predicate. See G. L. c. 233, § 21, first par. Accordingly, the judge did not need to exercise his discretion regarding use of the convictions for impeachment of credibility. See *Commonwealth* v. *Harris,* 443 Mass. 714, 715, 719-720 (2005) (in sexual assault case, judge has discretion to allow impeachment of complainant by prior convictions of sexual offenses pursuant to c. 233, § 21, but in exercising that discretion purposes of rape-shield statute should be considered). See also Mass. G. Evid. § 609 (2008-2009 ed.)

Dawn Moquin, one of four individuals who heard a woman's voice yelling, "No, no, no," as they stood outside their place of employment during a smoking break on the morning of June 8, 2005.[3] Moquin testified that the first time she and the others heard the woman's voice, they weren't sure where it was coming from. When they again heard "the same exact thing, the same voice, the same, 'No, no, no,' " Moquin walked toward a line of trees from which the voice appeared to come. As she approached, she yelled out and asked what was going on, and the same voice said, "He's raping me."[4] Moquin told one of her companions to call 911, and continued to the line of trees where, across a fence, she saw a man and woman with their pants down around their ankles. The woman was on her stomach pushing up from the ground yelling, "No, no, no, get off me," and the man was on top of her. The man pulled up his pants, grabbed a nearby duffle bag, put something in it, threw something aside, and began walking away.[5]

The judge considered whether, at that juncture, the evidence supported the defendant's request to introduce Doe's prior convictions as evidence of her motive to fabricate the claim of rape against the defendant because she feared prosecution for prostitution. The judge again measured the evidence in support of the request against the proof found to be sufficient in *Commonwealth* v. *Joyce, supra*, and again denied the request.

The next morning, the defendant testified. He recounted that he met the victim, whom he knew, at the bus terminal where he was picking up cans. She asked if he could give her some liquor. He gave her a small dollar bottle of vodka. He met up with her again a short time later, and she asked for beer. They went to the liquor store and he bought a forty-ounce beer for each of them. She followed him to a clearing behind some bushes where they both opened their beers. He then pulled out a pint of vodka.

---

[3]Prior to Moquin's testimony, Doe testified to the details of the rape. In cross-examination, she acknowledged that she had previously used cocaine, but that at the time of the incident alcohol was her drug of choice, and that she drank a lot of vodka.

[4]The defendant does not challenge the judge's admission of this testimony as a first complaint or the limiting instruction given. See *Commonwealth* v. *King*, 445 Mass. 217, 218-219 (2005).

[5]Moquin continued to observe the man until he was arrested shortly thereafter by a New Bedford police officer.

She asked him for a drink and he gave the pint to her; she drank some, but she didn't return it. He then asked her, "Can we have sex," and she answered, "Yes, of course." She pulled her pants down and got down "on her back" and they had "face to face" consensual sex. After they finished, she put her underwear and clothes back on. When he got up to leave, he asked her where his bottle of vodka was and she said, "I don't know." He saw it in her pants and put his hand in her pants to take it out. At that point, she screamed, "That's not mine?" and he said, "No." They were both sitting clothed on the ground when someone peeked through the trees. He asked Doe what happened and she said, "I don't know. Somebody has called the police."

After all the evidence concluded, including the defendant's testimony, the judge issued a written memorandum that memorialized his reasons for ruling that the defendant had not established a basis in the evidence for introducing the victim's prior prostitution convictions to demonstrate a motive to fabricate the claim of rape. The judge weighed the relevance and the probative value of the evidence pointing toward the victim's having fabricated her claim of rape to avoid prosecution against the potential misuse of the evidence that the victim had previously engaged in, and been convicted of, prostitution. The judge also compared the proof supporting the admission of such evidence in this case against the proof found sufficient in *Commonwealth* v. *Joyce*, *supra*. He concluded that the defendant's theory was "considerably weaker" than that advanced in *Commonwealth* v. *Joyce*, *supra*, and failed to support the defendant's attempt to impeach Doe by using her past prostitution convictions as evidence of motive to fabricate the claim of rape. The judge did not abuse his discretion or commit other error of law.

2. *Discussion.* "The rape-shield statute is principally designed to prevent defense counsel from eliciting evidence of the victim's promiscuity as part of a general credibility attack." *Commonwealth* v. *Fitzgerald*, 412 Mass. 516, 523 (1992). See Mass. G. Evid. § 412 (2008-2009 ed.). "The statute precludes admission of evidence of a victim's 'reputation' with respect to 'sexual conduct,' as well as '[e]vidence of specific instances of a victim's sexual conduct.' " *Commonwealth* v. *Harris*, 443 Mass. at 721, quoting from G. L. c. 233, § 21B. Two statutory exceptions to

that prohibition allow "evidence of the victim's [past] sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim." G. L. c. 233, § 21B.

The defendant's request to admit evidence of Doe's prior convictions to demonstrate her motive to fabricate the claim against him does not arise under the statutory exceptions, but under a judicially recognized exception. We have previously recognized that in addition to the exceptions set forth in the rape-shield statute, a defendant may introduce evidence of the complaining witness's sexual conduct where that conduct is relevant to the complainant's bias or motive to lie. See *Commonwealth* v. *Joyce*, 382 Mass. at 226-227 (interpreting rape-shield statute as permitting evidence of specific instances of complainant's sexual conduct when that evidence is relevant to show bias or motive to fabricate).[6] However, even when evidence of the complainant's sexual conduct is relevant to show the complainant's bias or motive to fabricate, the judge should exercise discretion with respect to the introduction of such evidence, bearing in mind "the important policies underlying the rape-shield statute." *Id.* at 231. See *Commonwealth* v. *Harris*, 443 Mass. at 721. The judge must determine whether the weight and relevance of the proffered evidence of bias or motive to lie is sufficient to outweigh its prejudicial effect to the victim. See *Commonwealth* v. *Pearce*, 427 Mass. 642, 647-648 (1998).[7] See also Mass. G. Evid. § 403. This determination is within the sound discretion of the trial judge. See *Commonwealth* v. *Pearce*, *supra* at 648.

Here, the judge did not abuse his discretion at any juncture. The judge recognized that even if marginally relevant to the

---

[6]By interpreting the rape-shield statute to permit introduction of specific instances of the complainant's sexual conduct where relevant to bias or motive to fabricate, *Joyce* rendered unnecessary the determination whether the right to confrontation set forth in the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights requires such inquiry. See *Commonwealth* v. *Joyce*, 382 Mass. at 226 n.5

[7]Even when a defendant invokes a constitutional right to confrontation, the right to confrontation is not absolute and may give way to other important interests. See *Commonwealth* v. *Barnes*, 399 Mass. 385, 393 (1987); *Commonwealth* v. *DeJesus*, 44 Mass. App. Ct. 349, 352 (1998) (although defendant entitled to reasonable cross-examination of witnesses against him, scope of cross-examination rests largely in sound discretion of the trial judge).

defendant's theory of fabrication, see *Commonwealth* v. *Clayton*, 52 Mass. App. Ct. 198, 201 (2001), the weight and relevance of the evidence was not sufficient to outweigh its prejudicial effect to Doe and the danger that "the jury [might] misuse [that evidence] by minimizing what happened to a prostitute who was also . . . a user of drugs and alcohol and the danger of subjecting [her] to 'needless humiliation.' *Commonwealth* v. *Harris*, 443 Mass. 714, 728 (2005)." Neither the defendant's initial proffer, the subsequent testimony of Moquin, nor the testimony of the defendant himself provided evidence of Doe's bias or motive to lie that was sufficiently relevant or substantial to outweigh its prejudicial effect. Consequently, the defendant was not entitled to confront or cross-examine Doe regarding her prior prostitution convictions as providing a motive to fabricate her claim of rape. See generally Mass. G. Evid. § 611(b)(2).

The defendant's theory was not that the sex with Doe was solicited for payment, but that she freely engaged in consensual sex upon his request. Prior to asking Doe to engage in sex, the defendant bought Doe liquor and freely shared his own liquor with her. Doe's testimony and that of Moquin were consistent in recounting that the defendant and Doe were alone, shielded by bushes, and not readily visible when Doe first cried out, "No, no, no," and was overheard by Moquin and the others. Only after Doe repeated her cries did Moquin approach, peer through the bushes, and observe Doe lying on her stomach, pushing up from the ground, and yelling, "no, no, no, get off me," as she was being assaulted by the defendant.

Likewise, the defendant's own testimony belied the claim that Doe was fabricating a claim of rape to avoid prosecution. According to the defendant, he and Doe had completed consensual intercourse and were seated fully-clothed on the ground when they first began to argue over Doe's unwillingness to return the pint of vodka. Only at that time did Doe and the defendant become aware that someone was peeking though the bushes. Here, unlike in *Commonwealth* v. *Joyce*, 382 Mass. at 230, the proffered evidence had "no rational tendency" to prove that the intercourse was consensual or that Doe was motivated falsely to accuse the defendant of rape by a desire to avoid further prosecution.

*Judgment affirmed.*