After a jury trial, the defendant, Leonardo Mendoza, was convicted of assault and battery by means of a dangerous weapon.[2] Subsequently, he moved for a new trial, alleging ineffective assistance by both trial counsel and former appellate counsel; he also contends that the prosecutor's comments during closing argument created prejudicial error. The new trial motion was denied, and the defendant appealed.[3] We affirm, relying in substantial part on the motion judge's careful and thorough findings.
Background. The underlying facts are fairly straightforward. The victim testified that, on June 19, 2010, she and her fifteen year old daughter were returning to her New Bedford apartment from shopping; the victim was driving. When she could not find a parking space at her apartment, she parked in a nearby lot where, she said, the landlord had given her permission to park. As she did so, the defendant, who was in the parking lot, confronted her and told her that she could not park there.[4] When she refused to move, he grabbed her, dragging her out of the car and calling her names; he pulled out a knife and, holding onto her blouse around the neck area, he put the knife to her throat and told her he would kill her if she yelled. In the meantime, the victim's fifteen year old daughter started screaming and telephoned the police; at trial she largely corroborated her mother's testimony. One of the daughter's three brothers arrived at the scene soon afterwards, just as the police were arriving.
A State police officer also testified that he received a call when he was a short distance away from the scene. When he arrived, he saw the defendant yelling at a woman who was "frozen" and "crying." "The young girl was screaming and crying on-appeared to be a cell phone." The defendant said to the trooper, "[T]hat fuckin' bitch doesn't live here, she can't park here, this is my parking space, this is America." The trooper saw red marks on the victim's upper chest, along with a straight-line cut. Photographs of the injuries were admitted in evidence. The trooper arrested the defendant and, in so doing, retrieved "a folded knife in a sheath on his belt of his pants."
Second motion for new trial. a. Trial counsel. The defendant first contends that trial counsel was ineffective because she did not investigate the defendant's allegation that he had earlier been involved in an altercation with one of the victim's three sons; the defendant argues that case provided a motive for the victim to lie about him. The earlier incident was first reported on June 6, 2010, by the defendant and his girl friend, Sara Fowle, allegedly a witness to that attack; at that time, the two said that they did not know the identity of the alleged attacker.
On July 14, 2010, the New Bedford police prepared a modified report reciting that William Gomez-Perez had committed an assault and battery by means of a dangerous weapon against the defendant on June 6, 2010. It appears from the modified report that, on July 14, 2010, the defendant and his girl friend returned to the police and identified William Gomez-Perez, who lived next door to the defendant-and who was the son of the victim in the case at issue-as the attacker. A criminal complaint issued against Gomez-Perez on the same day. On January 5, 2012, the charges against Gomez-Perez were dismissed without prejudice with a docket entry that said "wrong person charged." The case at issue here was tried on December 13, 2012, more than eleven months later.
The defendant agrees that Gomez-Perez was the wrong person, but argued to the motion judge that he was actually attacked by another of the victim's sons, Alvaro Gomez-Perez. Nothing in this record, apart from the defendant's affidavit, filed in support of that second motion for a new trial, corroborates his allegation that Alvaro Gomez-Perez was involved in, or ever charged with, the June 6, 2010, incident described by the defendant and his girl friend.
In reviewing the denial of a motion for a new trial, we apply the familiar test of Commonwealth v. Saferian, 366 Mass. 89, 96 (1974) (whether counsel's performance falls below that of "an ordinary fallible lawyer" and, if so, has it "deprived the defendant of an otherwise available, substantial ground of defence"). "We also consider whether there is 'some showing that better work might have accomplished something material for the defense.' " Commonwealth v. Baran, 74 Mass. App. Ct. 256, 272 (2009), quoting from Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). "A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made." Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting from Commonwealth v. Adams, 374 Mass. 722, 728 (1978). See Commonwealth v. Diaz, 448 Mass. 286, 288 (2007).
Here, the defendant in fact offered a defense at trial, presenting two witnesses who testified that the defendant did not assault the victim but, rather, that the victim's son assaulted the defendant, who then took the knife away from the attacker.[5] In addition, because there is no affidavit from trial counsel, there is no way of knowing whether she did, in fact, investigate the earlier criminal case, but came to the conclusion that the June 6 incident was not relevant to this case.[6] The defendant states in his supporting affidavit that he was not aware if trial counsel "investigated the matter further," although he emphatically claims on appeal that she pursued no investigation.
After careful review, we are satisfied that the defendant has failed to show that trial counsel was ineffective. The evidence against him at trial was overwhelming and the defense that he did offer-and that the jury rejected-was arguably more plausible than the one he now advances. In addition, as the motion judge observed, "trial counsel could reasonably have concluded that evidence about Mendoza's having been beaten in a fight with one of Perez's sons before the incident between Mendoza and Perez would be more harmful than helpful at trial," providing, as it did, a motive for the defendant to attack Perez. Finally, the judge was not required to take as true the statements contained in the defendant's self-serving affidavit filed in support of his motion. See Commonwealth v. Denis, 442 Mass. 617, 633 (2004).
b. Former appellate counsel. The defendant also alleges that former appellate counsel provided ineffective assistance in failing to raise on appeal the fact that trial counsel had failed to investigate the defendant's allegations about an altercation on June 6, 2010. This argument also fails. "The standard for determining ineffective assistance of appellate counsel is the same standard set forth in Saferian, [366 Mass. at 96 ]." Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 281 (2014). However, "we focus on whether appellate counsel 'failed to raise a significant and obvious issue ... which ... may have resulted in a reversal of the conviction, or an order for a new trial.' " Id. at 282, quoting from Commonwealth v. Sowell, 34 Mass. App. Ct. 229, 232 (1993).
In this case, former appellate counsel raised three issues in the first motion for a new trial.[7] As counsel stated in his supporting affidavit, "[b]ecause [he] felt, in [his] professional judgment, the [three issues] were sufficient to succeed in the [m]otion for a [n]ew [t]rial that [he] filed, [he] did not pursue other potential arguments by investigating other matters between parties central to this case including Mr. Mendoza and the complaining witness'[s] children." Counsel contends that pursuing the chosen issues, and not raising the June 6 incident, was "not a tactical or strategic choice." However, we conclude that, based on the circumstances surrounding the allegations against the victim's son, it would not have been "manifestly unreasonable" for appellate counsel to disregard that evidence, and to pursue the chosen issues instead, as reversal of the judgment or an order for new trial based solely on the alleged June 6, 2010, altercation was unlikely.[8] See Aspen, supra. See also Commonwealth v. Hernandez, 63 Mass. App. Ct. 426, 432 (2005), quoting from Commonwealth v. Conley, 43 Mass. App. Ct. 385, 392 (1997) (attorney tactics or strategy "will not be considered ineffective assistance unless they were 'manifestly unreasonable' ").
Based on this record, we conclude that neither trial counsel's failure to investigate and present evidence about the June 6 incident, nor former appellate counsel's failure to argue that trial counsel's failure to do so, constitutes behavior "below the standard of an ordinary, fallible lawyer." Saferian, 366 Mass. at 96. Nor do we see any basis to conclude that counsel's failure to litigate that issue created a substantial risk of a miscarriage of justice. As a result, we discern no error, and certainly no abuse of discretion, in denying the defendant's second motion for a new trial.
Closing argument. The defendant argues for the first time on appeal that the portion of the prosecutor's argument that challenged the credibility of the defendant's former girl friend constituted prosecutorial misconduct.[9] He contends that, by dismissing the witness's account of the June 6, 2010, incident, the prosecutor was presenting to the jury independent knowledge that the witness's report of the incident was fabricated. Because the defendant did not object at trial, "we review for a substantial risk of a miscarriage of justice." Commonwealth v. Pearce, 427 Mass. 642, 646 (1998).
The prosecutor summarized Fowle's testimony-about a knife fight that Fowle said had taken place in the defendant's apartment building a few weeks before the incident at issue here.[10] In sum, the prosecutor asked the jury to consider the details of the testimony: the witness testified that the defendant had telephoned her while he was in the middle of a fight, asking her to come over. When she arrived, "she rushes to the second floor and sees another person on top of Mr. Mendoza with a knife." Incredibly there are two other male friends of the defendant witnessing the fight, but Ms. Fowle "comes in, saves the day, kicks the knife out of [the attacker's] hand, gets a good look at that knife, knows exactly which knife that was. It just so happens to be the same knife that was found on Mr. Mendoza [the day he was arrested for this crime], and then they left the scene."
In making his closing argument, the prosecutor is entitled to "marshal the evidence" and to argue that the jury should disbelieve the testimony of a witness testifying on behalf of the defendant. Commonwealth v. Beaudry, 445 Mass. 577, 587 (2005). This argument was a fair analysis of the witness's testimony. It was not improper for the prosecutor to argue that the story Fowle told about the June 6, 2010, incident was improbable. See Commonwealth v. Celester, 473 Mass. 553, 575 (2016). In addition, the "judge instructed the jury that closing arguments were not evidence and only facts in evidence could be considered during deliberations." Id. at 577. We are satisfied that the prosecutor's statements did not create a substantial risk of a miscarriage of justice.[11]
Judgment affirmed.
Order denying second motion for new trial affirmed.

The defendant was acquitted of the charge of threatening to commit a crime. His direct appeal was stayed pending the outcome of his first motion for a new trial.

It appears from this record that the denial of the defendant's first motion for a new trial was not timely appealed by former appellate counsel, nor did subsequent appellate counsel attempt to rectify the untimeliness. Instead, subsequent appellate counsel filed a second motion, making a different argument. As a result, a challenge to the denial of the first motion for a new trial is not part of this appeal.

The victim testified that she had never seen the defendant before.

According to the defense witnesses, the defendant normally used the sheath from which the trooper later seized the knife to hold business cards.

According to former appellate counsel's supporting affidavit, when preparing the first motion for a new trial he attempted to contact trial counsel to no avail. He concluded, after some investigation, that trial counsel no longer practices law in Massachusetts.

Counsel claimed in his motion that trial counsel was ineffective (1) in preparing for trial, (2) for failing to notify the defendant of his right to testify, and (3) for failing to properly follow notification procedures in admitting evidence.

Indeed, the hiring of an investigator by former appellate counsel to track down trial counsel is evidence of the extent of his efforts in representing the defendant in preparation of the first motion for a new trial.

The defendant specifically challenges the following statements by the prosecutor: "Well, what I'm gonna suggest to you is [Ms. Fowle] gave you a version of events about a supposed knife fight that took place in an apartment and conveniently two weeks before this event. And what I'd like you to consider about that is whether that event even happened ..... It just so happens to be the same knife that was found on Mr. Mendoza in his sheath that day, and then they left the scene. Can't remember what police officers they talked to, but they know they reported it to the police. Folks, I'd suggest to you, again, that that story is equally unbelievable to you, and today should not be believed as a way to explain where that knife was seen before."

Apparently, it is this same incident that the defendant argues trial counsel failed adequately to investigate.

To the extent that we do not address the defendant's other arguments, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).