NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-71

COMMONWEALTH

vs.

DEAN S. SASEN

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Dean Sasen, appeals from his 2023 conviction for operating a motor vehicle under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a) (1). Sasen raises two issues on appeal. The first is that the prosecutor committed error in her closing argument by misstating the law, referring to her personal beliefs, and arguing an unreasonable inference from the evidence. The second is that Sasen was denied effective assistance of counsel. We are not persuaded by either argument and accordingly, affirm.

Background. On October 10, 2020, Trooper David Marra of the Massachusetts State police received a dispatch that a rollover crash had occurred on the on-ramp to Interstate 291.

Trooper Marra arrived to find a van on its left side, and Sasen standing outside the van, interacting with firefighters at the scene. Trooper Marra testified that Sasen's eyes were bloodshot and glassy, his speech was heavily slurred, and there was a strong odor of alcohol emanating from him.

Trooper Marra asked Sasen if he was injured, and Sasen said he was not. The Springfield fire department was at the scene and had evaluated Sasen; Sasen also told the Fire department that he was not injured, and signed a patient refusal form denying treatment. At some point, Sasen told Trooper Marra that he was going too fast and that he couldn't take the turn.

Trooper Marra then administered two roadside assessments -- the nine step walk and turn test, and the one leg stand test. Marra concluded that the defendant failed both tests, and arrested him for operating under the influence.

Marra then transported Sasen to the Springfield police barracks and booked him. Marra testified that the defendant was advised of his right to seek medical attention and he did not request any at that time. The booking process concluded around 2 A.M., and the defendant was released from custody.

At 4:51 A.M., the defendant went to the hospital, where he was admitted to the emergency department for evaluation and discharged several hours later. At the hospital, the defendant reported that his van went off the road and rolled over, and

2

that he lost consciousness and hit the right side of his head. The defendant further reported that he was able to move and that he worked with bystanders to remove his car from the side of the road. He complained of pain on the right side of his head, blurry vision in his right eye, and neck pain but denied nausea, vomiting, lightheadedness, or dizziness. A CT scan of Sasen's head and neck did not show any signs of bleeding or fractures of bones in his neck, and his medical records reflected a "low suspicion for any traumatic injuries from the motor vehicle collision." The report stated that Sasen had no limitations on mobility, full consciousness, and was orientated to person, place, and time. However, Sasen's right eye visual acuity was 20/100, as his right eye was not focusing.

Sasen was charged with operating under the influence and a civil motor vehicle infraction. The case was tried to a jury on March 3, 2023. During closing argument, the prosecutor stated the following regarding Sasen's field sobriety tests: "That's nine out of [fourteen] clues that indicated that the defendant was drunk. You don't have to -- you can drink and drive, you just can't be intoxicated enough to where you can't operate your vehicle safely." Later in the argument the prosecutor stated, regarding the defendant going to the hospital:

> "The booking video ends at 2 A.M. The defendant goes to the hospital at 4:51 A.M. I believe he went to the hospital because of consciousness of guilt. He needed a

3

story.  He needed to tell them he had hit his head, his right side of the head, and that he was having problems with his eye vision.  But they stated he was able to full mobility [sic], consciousness of awareness, person, place and time."

The defendant did not object to either of the above statements.

At a bench conference following the jury instructions, the defendant stated to the trial judge, "Your Honor, [my attorney] doesn't want me to go up and speak but the way this whole thing hangs right now if I was that jury, I would feel like guilty." The judge stated, "Sir, sir, sir, hold on."  Sasen replied, "I'd like to speak."  The judge replied, "No.  Hold on."  Sasen stated, "Okay, I just -- I don't feel I'm represented right." The judge replied again, "Hold on."

The judge then excused the jury and asked defense counsel to explain Sasen's objection.  Defense counsel explained that Sasen had "expressed to me a desire to testify.  I've explained to him that evidence is closed.  We've given our closing remarks, instructions have started and we're past that point." Sasen again asked to speak, but the judge informed him that the judge could not speak with Sasen without his lawyer's consent. Sasen conferred with his attorney and once back on the record, defense counsel stated, "Judge, I believe we're ready to proceed."

The jury found Sasen guilty of operating under the influence, and Sasen appealed.

4

Discussion. 1. Remarks by the prosecutor in closing argument. Sasen first argues that in two instances, the prosecutor made improper statements in her closing argument. A closing argument can be improper for several reasons, including the argument of facts not in evidence, see Commonwealth v. Jenkins, 458 Mass. 791, 798-799 (2011); the introduction of the prosecutor's personal beliefs, see Commonwealth v. Sylvia, 456 Mass. 182, 194 (2010); or misstatement of the law, see Commonwealth v. Thomas, 401 Mass. 109, 113 (1987). The court will consider several factors when determining whether an improper closing argument requires vacating the judgment of conviction, including whether the defendant seasonably objected, whether the prosecutor's error was limited to collateral issues or went to the heart of the case, whether the judge gave instructions that may have mitigated the prosecutor's mistake, and whether the prosecutor's error potentially made a difference in the jury's conclusions. Commonwealth v. Kozec, 399 Mass. 514, 518 (1987). Because Sasen did not object at trial to either of the statements he challenges, we review to determine if the alleged improprieties created a substantial risk of a miscarriage of justice. See Commonwealth v. Carroll, 439 Mass. 547, 554 (2003).

The defendant first challenges the prosecutor's statement that "the defendant was drunk." Sasen argues that this was a

misstatement of the law on operating under the influence, as the standard for operating under the influence does not turn on whether the defendant was "drunk." It is true that a person does not need to be drunk to be under the influence of liquor for purposes of G. L. c. 90, § 24 (1) (a) (1). Commonwealth v. Connolly, 394 Mass. 169, 172 (1985). However, the prosecutor's reference to Sasen as being "drunk" did not introduce any error. For one thing, the prosecutor immediately corrected herself when she stated, "you can drink and drive, you just can't be intoxicated enough to where you can't operate your vehicle safely." "Remarks made during closing argument are considered in the context of the entire argument, and in light of the judge's instructions to the jury and the evidence at trial." Commonwealth v. Staines, 441 Mass. 521, 536 (2004), quoting Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 231 (1992). Moreover, it simply was not error, and in any event not prejudicial, for the prosecutor to use the vernacular "drunk" during argument to describe the defendant's state. The actual standard for impairment is, if anything, more easily met than proving "drunkenness." See Connolly, 394 Mass. at 172 (person does not need to be drunk to be driving while under influence of liquor). Furthermore, the trial judge told the jury that she would instruct them on the law and that it was the jury's duty to accept the law as she stated it; that the attorneys' closing

6

arguments were not a substitute for the evidence; and that someone does not have to be drunk to be under the influence of alcohol.  See Commonwealth v. Robidoux, 450 Mass. 144, 162 (2007).  The prosecutor's statement that Sasen was "drunk" was not improper, and in any event did not create a substantial risk of a miscarriage of justice.

The defendant also complains of the prosecutor's statement that "I believe [Sasen] went to the hospital because of consciousness of guilt."  He argues that (1) the prosecutor's statement was an unreasonable inference from the evidence, and (2) the words "I believe" were an improper personal opinion. Again, there was no error.

First, the prosecutor's argument that Sasen went to the hospital because of consciousness of guilt was not improper. Closing arguments may not misstate the evidence, but prosecutors are free to marshal the evidence, and to argue as well the reasonable inferences that can be drawn therefrom.  See Commonwealth v. Pearce, 427 Mass. 642, 646 (1998), quoting Commonwealth v. Kelly, 417 Mass. 266, 270 (1994) (argument must be limited "to the evidence and fair inferences that can be drawn from the evidence.").  Here, we are satisfied that the argument that Sasen's trip to the hospital showed consciousness of guilt was a reasonable inference from the evidence.  As described above, the evidence showed that Sasen stated multiple

7

times that he was not injured, over a period of hours. He made that statement to the firefighters, and to Officer Marra, and he did not claim a need for medical attention at booking. The defendant even signed and gave to the paramedics on scene a form refusing all treatment, yet he thereafter went to the hospital on his own volition, within three hours after being released from custody. The inference that Sasen had an ulterior motive for going to the hospital was not unreasonable, and the prosecutor was not precluded from so arguing. Furthermore, "a jury instruction on consciousness of guilt is not a precondition to a prosecutor arguing evidence suggesting a defendant's consciousness of guilt." Commonwealth v. Franklin, 465 Mass. 895, 915-916 (2013).

Nor was there error in the prosecutor's isolated use of the first person -- "I believe" -- in her closing argument. Attorneys may not introduce their personal observations or beliefs in closing argument or suggest that they have independent knowledge of relevant facts. Sylvia, 456 Mass. at 194. It is a "worthwhile suggestion[]" to counsel not to "state any personal opinion" and not to use statements such as "'I think,' 'I feel,' 'I believe.'" Commonwealth v. Finstein, 426 Mass. 200, 205 n.1 (1997). However, "[i]solated slips by the prosecutor where [s]he interjects a personal pronoun do not constitute serious error." Commonwealth v. Santiago, 425 Mass.

8

491, 499 (1997).  Although use of a personal pronoun should be avoided, here the prosecutor's statement that "I believe [Sasen] went to the hospital because of consciousness of guilt" was not improper, as the prosecutor was not "informing [the jury] of information [she] knew."  Jenkins, 458 Mass. at 797. Furthermore, the statement did not create a substantial risk of a miscarriage of justice when the issue of consciousness of guilt was a collateral issue to the case, and the judge instructed the jury that the arguments of counsel are not evidence.

2.  Ineffective assistance of counsel.  Sasen also argues that he was deprived of effective assistance of counsel because, he claims, his attorney advised him not to testify in his defense and he followed that advice.  However, Sasen attempts to present this ineffective assistance claim on direct appeal, rather than through a motion for a new trial.  "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial."  Commonwealth v. Zinser, 446 Mass. 807, 810 (2006).  There is a narrow exception to that rule if the factual basis of the claim "appears indisputably on the trial record."  Id. at 811, quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).  Here, however, the factual basis for Sasen's claim is not apparent on the record; rather, it derives from advice allegedly given to him off the

9

record, and there is not even a supporting affidavit from Sasen, let alone trial counsel.  This argument also presents no error.

<u>Judgment affirmed</u>.

By the Court (Vuono,
   Englander & Hodgens, JJ.[1]),

Clerk

Entered:  December 12, 2024.

---

[1] The panelists are listed in order of seniority.

10